FILED - USDC -NH
2026 JUL 16 PM12:25

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

DAVID MACLEAN

No. 26-cr- 55- JL - AJ-01

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, Erin Creegan, United States Attorney for the District of New Hampshire, and the defendant, David MacLean, and the defendant's attorney, Richard Guerriero, Esquire, enter into the following Plea Agreement:

1. The Plea and the Offense.

The defendant agrees to waive his right to have this matter presented to a grand jury and plead guilty to an Information charging him with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in Section 6 of this agreement.

2. The Statute and Elements of the Offense.

Title 18, United States Code, Section 2250 provides, in pertinent part:

> Whoever . . . is required to register under the Sex Offender Registration and Notification Act [SORNA] . . . is a sex offender as defined for the purposes of [SORNA] by reason of a conviction under Federal law . . . and . . . knowingly fails to register or update a registration as required by [SORNA] . . . shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a). "[Section] 2250(a) 'imposes criminal liability on two categories of persons

who fail to adhere to SORNA's registration requirements: any person who is a sex offender 'by reason of a conviction under Federal law . . .,' § 2250(a)(2)(A), and any other person required to register under SORNA who 'travels in interstate or foreign commerce ...,' § 2250(a)(2)(B)." *United States v. Yelloweagle*, 643 F.3d 1275, 1278 (10th Cir. 2011) (quoting *Carr v. United States*, 560 U.S. 438, 451 (2010).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

> First, the defendant is a person required to register under the Sex Offender Registration and Notification Act (SORNA); and
>
> Second, the defendant is a sex offender by reason of a conviction under federal law; and
>
> Third, the defendant knowingly failed to register or update his registration as required by SORNA.

Pattern Criminal Jury Instructions of The Seventh Circuit (2023 Ed.), 2250(a), p. 897, available at, https://www.ca7.uscourts.gov/pattern-jury-instructions/Criminal_Jury_Instructions.pdf; See 18 U.S.C. § 2250(a); *Carr v. United States*, 560 U.S. 438, 451 (2010); *United States v. Yelloweagle*, 643 F.3d 1275, 1278 (10th Cir. 2011).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

On September 5, 2018, Judge Joseph N. Laplante of the United States District Court for the District of New Hampshire sentenced the defendant to 63 months imprisonment following his plea of guilty to Possession of Child Pornography, in violation of 18 U.S.C § 2252(a)(4)(B). 1:17-cr-00180-JL-AJ. The Court also sentenced MacLean to a five-year term of supervised release and ordered him to register with the state sex offender registration agency in the state

where he resides, works, or is a student.

State and federal law required that the defendant register, among other things, any internet or online identifiers. This required the defendant to register all email addresses, instant message screennames, and any user profile names for websites or mobile applications that have a primary purpose of engaging in two-way, person-to-person communication over the internet with other people.

The defendant was released from prison in January 2021. He registered as a sex offender in November 2021 and listed only one online identifier: Macdave101@yahoo.com. The defendant last registered at the Swanzey, NH Police Department on June 3, 2025. In that registration he listed also only listed his yahoo email address. The defendant initialed and acknowledged the truth to his registration. Under the online identifier section, the defendant did not include any social media or Reddit accounts on any of his registrations.

On August 29, 2025, the defendant participated in a polygraph examination as part of his supervised release. During the post-test interview, the defendant admitted purchasing a meta virtual reality headset with an internet browser without the permission of the probation officer and admitted that he viewed pornography on that device in violation of the terms of supervised release. He also admitted that he had accessed the internet in violation of his conditions of supervision by using phones that belonged to others and by using a computer at a local library.

The defendant later disclosed to the Probation Office that he bought the meta virtual reality headset around February 2025 and viewed pornography on the device. In September 2025, the defendant admitted to the Probation Office that he bought an iPad and used it to access the internet and view pornography. The defendant said that he used the iPad to subscribe to an AI

(or "Artificial Intelligence") Generator website where he typed in prompts for a girl "under 12 years old" and "naked." The software then generated an image of a naked girl who appeared under 12 years of age, and who had something inserted into her vagina. The defendant downloaded the image onto his iPad, deleted it, and then cancelled his subscription to the AI Generator service. He said he later deleted the image.

In meetings with his Probation Officer, the defendant also reported that he had created online accounts for TikTok, X (formally Twitter), Facebook, and Instagram. The defendant never registered these online accounts or identifiers in his sex offender registration paperwork.

Federal Criminal Investigators obtained a warrant to search the defendant's iPad. The iPad contained evidence of the several of the defendant's unregistered online identifiers, namely: macdave101 (Reddit), macdave101 (Uber), macdave101@icloud.com, macdave101 (Instagram), macdave691 (TikTok), David Maclean 1355306811 (Facebook Messenger), macdave102@gmail.com (Chrome), macdave101 (X or Twitter). On the iPad, the defendant was logged into his TikTok account and had an active Facebook account including recent messages he sent from the Facebook messenger app. The defendant was also logged into his Instagram and X accounts. The iPad also contained evidence of the defendant's interaction with at least two AI services. Forensic data from the iPad indicates that the defendant had or used his online identifier for his Reddit account no later than May of 2022; the iPad also contained messages from his Facebook account as early as July of 2012. The defendant never registered these online accounts or identifiers in his sex offender registration paperwork.

Investigators also found a video containing Child Sexual Abuse Material ("CSAM" or child pornography) in the cache data for the defendant's Reddit Application. This indicates that

the defendant accessed this video through the Reddit Application and his unregistered Reddit account.

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A. A maximum prison term of 10 years (18 U.S.C. § 2250);

B. A maximum fine of $250,000 (18 U.S.C. § 3571);

C. A term of supervised release of not less than 5 years and not more than life (18 U.S.C. § 3583). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D. A mandatory special assessment of $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A)).

5. Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. Except for the Rule 11(c)(1)(C) sentencing stipulations provided for in Section 6 of this Agreement, the defendant understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A. Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B. Respond to questions from the Court;

C. Correct any inaccuracies in the pre-sentence report;

D. Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and agree to the following:

(a) 60 months' imprisonment is an appropriate disposition of this case;

(b) The defendant shall plead true to the alleged violations of supervised release in case number 17-cr-00180-JL;[1] and

(c) The defendant shall be sentenced to a concurrent term of imprisonment of 24 months on the pending supervised release violations in case number 17-cr-00180-JL.

(d) The government shall not object to the defendant's request that the Court recommend the BOP place him at a facility where treatment programs are

[1] The parties will request that the Court consolidate this case with the pending revocation proceedings in case number 17-cr-00180-JL.

available for someone addicted to sex and/or unlawful sexual material.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7. Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A. Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

A. To plead not guilty or to maintain that plea if it has already been made;

B. To be tried by a jury and, at that trial, to the assistance of counsel;

C. To confront and cross-examine witnesses;

D. Not to be compelled to provide testimony that may incriminate him; and

E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

B. Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11. Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to

withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12. Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case.

The defendant understands and agrees that, if after entering this Agreement, he fails specifically to perform or fulfill completely each one of his obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, he will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that he may not use his breach of this Agreement as a reason to withdraw his guilty plea or as a basis to be released from his guilty plea.

13. Waivers.

A. Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and

voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence or the stipulated sentencing range specified in Section 6 of this agreement.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court if it is consistent with or lower than the stipulated sentence or the stipulated sentencing range specified in Section 6 of this agreement.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles

enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

ERIN CREEGAN
United States Attorney

Date: 7/16/2026

By: ______________________
Matthew T. Hunter
Assistant United States Attorney
53 Pleasant St., 4th Floor
Concord, NH 03301
Matthew.Hunter@usdoj.gov

The defendant, [defendant's name], certifies that he has read this 14-page Plea Agreement and that he fully understands and accepts its terms.

Date: 2026-07-15

______________________
David MacLean, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 2026-07-15

______________________
Richard Guerriero, Esquire
Attorney for David MacLean